UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| RODNEY J. RUFFIN, | ) | |
|---|---|---|
| Petitioner, | ) ) ) | |
| v. | ) ) | Nos.: 3:13-CR-032-TAV-DCP-3 3:20-CV-276-TAV-DCP |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## **O R D E R**

This is a pro se prisoner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Now before the Court are Petitioner's pro se Motion for Leave to Proceed In Forma Pauperis [Doc. 2 in 3:20-cv-276][1] and Motion to Appoint Counsel [Doc. 3].

### I. PETITIONER'S MOTION TO APPOINT COUNSEL

Petitioner seeks the assistance of counsel to assist him in the filing of his motion to vacate, set aside, or his sentence, pursuant to 28 U.S.C. § 2255. Petitioner filed his § 2255 motion on June 22, 2020, claiming that he was entitled to relief under *United States v. Davis*, 139 S. Ct. 2319 (2019). [Doc. 1].

Here, Petitioner does not enjoy a constitutional right to counsel at this juncture. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding that no constitutional right to counsel exists for a prisoner mounting a collateral attack upon his conviction); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (confirming "the rule that the Sixth Amendment does not apply to collateral attacks"). However, the Court has discretion to appoint counsel for a financially eligible

---

[1]Unless otherwise indicated, citations to the record refer to the docket entries in 3:20-CV-276.

individual seeking relief under 28 U.S.C. § 2255, if the Court "determines that the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B); *see also* 28 U.S.C. § 2255(g) (permitting the court to consider the appointment of counsel in "proceedings brought under this section").

In deciding whether to appoint counsel in a civil case,[2] the Court considers whether exceptional circumstances exist by examining the following factors: (1) "the type of case," (2) the litigant's "abilit[y] to represent himself," and (3) the "complexity of the factual and legal issues involved." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (omitting internal quotations). Generally, the Court does not appoint counsel in a collateral attack upon a conviction or sentence, unless it has determined that a hearing on the § 2255 motion is necessary. *Vinson v. United States*, 235 F.2d 120, 122 (6th Cir. 1956); *United States v. Wooden*, No. 1:03-CR-66, 2008 WL 5110790, at *2 (E.D. Tenn. Nov. 26, 2008) (Edgar, J.) (holding that the court "cannot appoint counsel at government expense to provide legal advice and represent [a criminal defendant] prior to the filing of a § 2255 motion").

The Court, however, has not scheduled an evidentiary hearing in this case. *See* Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts. Additionally, pursuant to Standing Order 19-09, the Federal Defender Services of Eastern Tennessee ("FDSET") was appointed to represent any defendant whom it determines qualifies for relief under *United States v. Davis*, -- U.S. --, 139 S. Ct. 2319 (2019). At this time, the FDSET has not yet filed a notice stating whether it wished to file any pleadings in this proceeding. Therefore, in light of Standing Order 19-09, the Court declines to appoint Petitioner counsel at this time. However, the FDSET is **DIRECTED** to review Petitioner's motion to determine whether he qualifies for relief

---

[2] A collateral attack on a conviction or sentence pursuant to 28 U.S.C. § 2255 is civil in nature.

2

under *United States v. Davis*.  Accordingly, Petitioner's Motion to Appoint Counsel [Doc. 3] is **DENIED**.

## II. PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has also filed a motion for leave to proceed in forma pauperis.  [Doc. 2]. However, Petitioner's motion for leave to proceed in forma pauperis [Doc. 2] is **DENIED as moot** because no filing fee is required to bring a § 2255 motion.  *See* Rule 3, Rules Governing Section 2255 Proceedings for the United States District Courts, 1976 advisory committee note ("There is no filing fee required of a Movant under these rules."); *see, e.g.*, *Gillespie v. United States*, No. 1:12-CR-24, 2014 WL 2808920, at *1 (E.D. Tenn. June 20, 2014) ("Consequently, an application to proceed *in forma pauperis* is unnecessary since there is no filing fee in a § 2255 proceeding.") (citing E.D. Tenn. L.R. 9.3(b)).

## III. CONCLUSION

For the reasons stated above, Petitioner's Motion to Proceed In Forma Pauperis [Doc. 2] is **DENIED as moot**, and Petitioner's Motion to Appoint Counsel [Doc. 3] is **DENIED**.  The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to the Petitioner at his listed address, as well as to the FDSET.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge