UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RODNEY JAMES RUFFIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:20-CV-276-TAV-DCP |
| | ) | 3:13-CR-32-TAV-DCP-3 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Petitioner Rodney Ruffin has filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1]. The government has responded in opposition [Doc. 7]. Because, based on the record before the Court, it plainly appears that Petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[1] and the motion will be **DENIED**.

**I.     Background[2]**

Petitioner and three accomplices forced entry into a controlled substance dealer's apartment and robbed him, stealing cash and a quantity of controlled substances [Doc. 50 ¶ 4]. He pled guilty to Hobbs Act robbery in violation of 18 U.S.C. § 1951 and using,

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

[2] Citations in this section refer to the criminal case, 3:13-CR-32-3.

carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) [*Id.* ¶ 1]. His plea agreement contained a waiver provision stating that Petitioner "knowingly and voluntarily waiv[ed] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255" but that he "retain[ed] the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of entry of the judgment" [*Id.* ¶ 10(b)]. Petitioner was subsequently sentenced to 194 months' imprisonment [Doc. 194]. In June 2020, Petitioner filed the present motion collaterally attacking his sentence under 28 U.S.C. § 2255 [Doc. 236].

## II. Analysis

Petitioner raises one argument, contesting his § 924(c) conviction in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) and arguing that Hobbs Act robbery does not qualify as a crime of violence [Doc. 1 pp. 6–7, 12]. The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled

to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 153 (1982). For the reasons outlined below, Petitioner's claim does not justify relief.

### A. Waiver

Petitioner's plea contained two exceptions to his collateral attack waiver, but neither is applicable here. A "defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Griffin*, 854 F.3d 911, 914 (6th Cir. 2017). The Sixth Circuit has held that a defendant's "informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). "[W]here developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). "To be a valid waiver the defendant must enter into the waiver agreement knowingly, intelligently, and voluntarily." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). Petitioner here has not made any allegations that the waiver was not made knowingly, intelligently, and voluntarily. His waiver is therefore valid, and his challenge to the § 924(c) conviction has been waived.

### B. Merits

Considering the merits of Petitioner's challenge, his claim must be rejected. Petitioner argues that his § 924(c) conviction and sentence must be vacated because *Davis*

held that 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague [Doc. 1 pp. 6–7, 12]. Petitioner is mistaken. A crime of violence is defined in two ways: a felony that (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). *Davis* invalidated subsection B as unconstitutionally vague but did not affect the use-of-force clause in subsection A. Accordingly, a § 924(c) conviction may still be lawful so long as the crime of violence qualifies under § 924(c)(3)(A). In *United States v. Gooch*, the Sixth Circuit announced that "[w]e join our sister circuits in ruling that Hobbs Act robbery constitutes a crime of violence." 850 F.3d 285, 292 (6th Cir. 2017). Therefore, because Hobbs Act robbery was the predicate for Petitioners § 924(c) conviction, the conviction qualifies under § 924(c)(3)(A), not § 924(c)(3)(B), and *Davis* offers no relief in this case. Accordingly, Petitioner's argument must be rejected.

## III. Conclusion

For the reasons explained above, Petitioner is not entitled to relief under 28 U.S.C. § 2255, his motion to vacate, set aside or correct his sentence [Doc. 1] will be **DENIED**, and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover, because Petitioner has not made a substantial showing of the denial

4

of a constitutional right and jurists of reason would not dispute the above conclusions, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE